UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MIDDLETON STALEY,

           Petitioner,

v.                                         Case No. 07-C-179

PAMELA WALLACE,

           Respondent.

## DECISION AND ORDER

      Middleton Staley is a prisoner at Stanley Correctional Institution, a Wisconsin state facility, and filed this petition pursuant to 28 U.S.C. § 2241. In the petition he asserts that the federal sentence he is soon to begin serving fails to account for the time he has already served in state custody. He asserts that his federal sentence will be imposed consecutive to his state sentence, in violation of what he views as the district judge's order that the two sentences run concurrently.[1]

      Because petitioner is challenging the imposition of a federal sentence, 28 U.S.C. § 2254 does not apply. But because he is not presently in federal custody, neither does § 2255. The relief he seeks is an adjustment to his federal sentence that credits him for the time he has served in state

---

[1]This is a "screening" order pursuant to Rule 4 of the Rules Governing Section 2254 cases. Although the petition is filed under § 2241 rather than § 2254, Rule 4 still applies by virtue of Rule 1(b): "In applications for habeas corpus in cases not covered by [§ 2254], these rules may be applied at the discretion of the United States district court." *See, e.g., Boutwell v. Keating,* 399 F.3d 1203, 1211 n.2 (10th Cir. 2005).

custody. This relief falls under the general grant of habeas jurisdiction in § 2241, as reflected in the Seventh Circuit's exposition of the relevant framework in *Romandine v. United States*:

> Romandine wants time already spent in state custody credited against his federal sentence. Requests for sentence credit, or for recalculation of time yet to serve, do not come under § 2255. They must be presented to the Attorney General (or her delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241, or perhaps a suit under the Administrative Procedure Act (to the extent 18 U.S.C. § 3625 permits).

206 F.3d 731, 736 (7th Cir. 2000). *Romandine* stands for two principles. First, the United States Attorney General is the proper defendant in such a case rather than the warden of the state facility having custody over the petitioner. Second, a petitioner must present his claim to the Bureau of Prisons before seeking relief in federal court. Although exhaustion of remedies is typically an affirmative defense waivable by the respondent, in this context it is a prerequisite. The Seventh Circuit's decision in *Brown v. Ashcroft* explains at some length:

> Brown's requests that he be transferred to federal custody and be given credit for time served relate to the execution of his federal sentences, and therefore his habeas corpus petition is governed by 28 U.S.C. § 2241. Exhaustion of administrative remedies is a prerequisite to bringing a petition under § 2241. Exhaustion is not jurisdictional, and the government has waived any issue about Brown's failure to exhaust by not raising it before the district court, but we address exhaustion anyway because as a practical matter it limits the district court's ability to decide the merits of Brown's petition. The Attorney General, not the district court, has the responsibility for administering a prisoner's sentence. The Attorney General acts through the BOP to determine where an inmate serves his sentence and whether or not the inmate receives credit for time served. The district courts are limited to reviewing the BOP's decisions. Therefore, Brown should have initially directed his requests to the BOP, not to the district court through a petition for habeas corpus. Brown has not alleged that he initiated, let alone exhausted, his administrative remedies with the BOP, so the district court had no decision of the BOP to review. *The district court should not have decided the merits of Brown's petition, but rather it should have dismissed the petition without prejudice, allowing him to re-file it after exhausting his administrative remedies.*

41 Fed. Appx. 873, 874-875, 2002 WL 1357212,*1 (7th Cir. 2002) (italics added). In short, the BOP will have custody over the petitioner and responsibility for imposing his sentence; without a

2

decision of the BOP denying the petitioner's request, this court has nothing to review. *Easley v. Stepp,* 5 Fed. Appx. 541, 542, 2001 WL 252891, *1 (7th Cir. 2001) ("*After exhausting his administrative remedies,* Easley filed a petition for a writ of habeas corpus under § 2241, claiming that he should have received credit against his federal sentence for the time spent in [state] custody.") (italics added). Accordingly, the motion to proceed *in forma pauperis* is **DENIED** and the petition is **DISMISSED** without prejudice.

       **SO ORDERED** this ___2nd___ day of March, 2007.

                                         s/ William C. Griesbach
                                         William C. Griesbach
                                         United States District Judge